IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Willie J. Riley, | ) | C/A No. 3:13-1858-JFA-PJG |
|               Plaintiff, | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| Dennis Wayne Catoe; Does, | ) | |
|               Defendants. | ) | |
| _____ | ) | |

Willie J. Riley ("Plaintiff"), a self-represented litigant proceeding *in forma pauperis*, brings this action against the attorney who represented him in a real estate closing. (ECF No. 1 at 4.) Pursuant to the provisions of 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B)(2)(e) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. Having reviewed the Complaint in accordance with applicable law, the court concludes that is should be summarily dismissed without prejudice and without issuance and service of process because the court lacks subject matter jurisdiction.

**I.     Factual and Procedural Background**

Plaintiff hired Defendant Catoe to serve as his closing attorney in a real estate transaction. Afer closing and while engaged in repairs on the property, Plaintiff was told that he did not own the property. Plaintiff contacted Catoe, who told him to hire another attorney. Plaintiff's second attorney met with Catoe, who pledged to correct the problem. During the five years that it took to clear Plaintiff's title to the property, Plaintiff had no use of the property, could not purchase

PJG

insurance coverage, and incurred losses when the property was vandalized. Plaintiff also complains of emotional distress. He seeks monetary damages in excess of $75,000.[1] (See id. at 5.)

**II.     Discussion**

    **A.     Standard of Review**

Plaintiff filed his Complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). See Neitzke v. Williams, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Erickson v. Pardus, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Merriweather v. Reynolds, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim

---

[1] Plaintiff sets forth no allegations toward any other party.

*PJG*

currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390-91 (4th Cir. 1990).

**B.     Analysis**

The instant case is subject to summary dismissal because Plaintiff fails to demonstrate federal jurisdiction over his claims. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." Id. at 352; see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999).

There is no presumption that a federal court has jurisdiction over a case, Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399 (4th Cir. 1999), and a plaintiff must allege facts essential to show jurisdiction in his pleadings. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); see also Dracos v. Hellenic Lines, Ltd., 762 F.2d 348, 350 (4th Cir. 1985) ("[P]laintiffs must affirmatively plead the jurisdiction of the federal court."). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]" When a complaint fails to include "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." Pinkley, 191 F.3d at 399 (citation omitted). However, if the court, viewing the allegations in the light most favorable to a plaintiff, finds insufficient



allegations in the pleadings, the court will lack subject matter jurisdiction. Id.; see also Holloway v. Pagan River Dockside Seafood, Inc., 669 F.3d 448, 452-53 (4th Cir. 2012) (when the alleged federal claim is " 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy,' " then subject matter jurisdiction does not exist) (citations omitted).

The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question" under 28 U.S.C. § 1331, and (2) "diversity of citizenship" pursuant to 28 U.S.C. § 1332. As discussed below, the allegations contained in the instant Complaint do not fall within the scope of either form of this court's limited jurisdiction. First, the diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of $75,000. Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 372-74 nn. 13-16 (1978). The court has no diversity jurisdiction over this case because Plaintiff fails to demonstrate that he and Defendant Catoe are citizens of different states. In absence of diversity of citizenship, the amount in controversy is irrelevant.

Second, the essential allegations contained in the Complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff's allegations do not assert that Defendant Catoe has violated a federal statute or constitutional provision, nor is any type of federal question jurisdiction otherwise evident from the face of the pleading. Instead, the Complaint alleges claims of legal malpractice and outrage, which are matters of state law to be heard in the state courts, unless diversity of citizenship is present. See Custer v. Sweeney, 89 F.3d 1156, 1167 (4th Cir. 1996) (stating that "the law governing legal malpractice represents a traditional exercise of state authority"); Ford v. Hutson, 276 S.C. 157, 276



S.E.2d 776 (1981) (recognizing a state cause of action for the tort of "outrage," the term, under South Carolina law, for the intentional infliction of emotional distress).

### III.  Conclusion

There being no apparent basis to invoke the jurisdiction of this court, it is recommended that the Complaint be dismissed without prejudice and without issuance and service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 20, 2013
Columbia, South Carolina

*The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).